IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR FOULKS and PERRY FOULKS, )<br>a minor child by his father and next )<br>friend, ARTHUR FOULKS, )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>CECIL TODD EMERY, et. al., )<br> )<br>Defendants. ) | CIVIL NO. 04-4122-JLF |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is a motion to strike and dismiss claims and prayers for damages from plaintiffs' amended complaint, (Doc. 36), filed by Cecil Todd Emery, Mickey Rodgers, and the Village of Pulaski, (Doc. 47), and plaintiffs' response (Doc. 54). Also before the Court is plaintiffs' motion to strike and dismiss affirmative defenses (Doc. 49) and defendants' response (Doc. 51). These motions are discussed below.

**I.    Background.**

The following allegations are from plaintiffs' complaint. On June 9, 2003, plaintiff Perry Foulks went inside his house and told his father, Arthur Foulks, that Police Officer Mickey Rodgers was looking for one of Arthur's other children, Jamel Foulks. Arthur told Perry to tell Officer Rodgers that Jamel was not at home. Perry did, and Officer Rodgers apparently disbelieving Perry, called Officer Todd Emery to the scene. When Officer Emery arrived, the two officers decided to call for backup from both the Illinois State Police and the Pulaski County Sheriff's Department.

Shortly thereafter, the Foulks' residence was surrounded by Illinois State and Village of Pulaski police officers. Master Sergeant Jon Wright asked if he could enter the residence, and Arthur Foulks asked if he had a warrant. Sergeant Wright responded no. Thereafter, Sergeant Wright entered the residence by climbing through a bedroom window. Shortly thereafter, Officer Emery kicked open the front door and entered the residence. All of the defendant officers then entered and searched the residence for Jamal Foulks.

Thereafter, officers arrested Perry Foulks, took him to a detention center and detained him for several days. They then placed him on house arrest and released him. The Pulaski County State's Attorney charged Perry Foulks with aggravated battery, obstructing justice, resisting a police officer, and aggravated assault. Perry Foulks pleaded guilty to aggravated battery, resisting a police officer and aggravated assault, and the obstruction of justice charge was dismissed.

Based on these events, plaintiffs have sued all of the defendants for violating their constitutional rights under 42 U.S.C. § 1983 (Counts I,III). Plaintiffs have also sued the individual defendants for false arrest, illegal imprisonment, illegal search of residence, illegal search and seizure of person, and malicious prosecution under Illinois law (Count II). The pending motions are discussed below.

## II.  **Defendants' Motion to Strike and Dismiss.**

Defendants Cecil Todd Emery, Mickey Rodgers, and the Village of Pulaski have filed a motion to strike and dismiss certain claims and prayers for damages from

plaintiffs' amended complaint. This motion is discussed below.

### A.     Plaintiffs' Claims for False Arrest/Imprisonment.

Defendants Emery, Rodgers, and Village of Pulaski state that plaintiffs have failed to state a claim for either false arrest or false imprisonment. Specifically, citing *Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir.1996), defendants argue that the United States Court of Appeals for the Eighth Circuit has held that a conviction pursuant to a guilty plea is a complete defense to a civil rights action alleging that an arrest was made without probable cause. Here, however, plaintiffs allege that defendants arrested Perry after they illegally entered the residence. As such, even if the officers did have probable cause to arrest Perry, a warrantless entry into the home would be *per se* unreasonable unless the police can show that it falls within an exception based on exigent circumstances. *United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) (*citations omitted*); *see also Thurmond-Green v. Hodges*, 128 Fed.Appx. 551 (8th Cir. 2005) (*citations omitted*) (*distinguishing Williams v. Schario* on the grounds that: 1) the arrestee apparently did not plead guilty to, and was not convicted of, the offense for which he was arrested; and 2) the arrestee alleged he was arrested after officers had illegally entered his home). *See also Sheik-Abdi v. McClellan*, 37 F.3d 1240 (7th Cir. 1994) (*citations omitted*) (an unconstitutional entry into the home will vitiate the legitimacy of any search or seizure effected on that occasion because the privacy and solitude of the home are at the core of the Fourth Amendment's protection). As such, plaintiffs' claim for false arrest and imprisonment survives defendants' motion to dismiss. Defendants' motion to dismiss the

false arrest and imprisonment claims on these grounds is denied.

Defendants also argue that under *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiffs' § 1983 claims would necessarily imply the invalidity of his Perry Foulks' convictions and/or sentences, thus, this lawsuit cannot go forward unless his convictions or sentences have already been invalidated. While it is true that *Heck* held that a § 1983 plaintiff seeking damages for an allegedly unconstitutional conviction or imprisonment, (or for other harms caused by unlawful actions that would render a conviction or sentence invalid), has no cause of action until the conviction or sentence is reversed, (or otherwise expunged or invalidated), the United States Court of Appeals for the Seventh Circuit has noted that "a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) (*citations omitted*). Here, the Court finds that Perry Foulks' convictions for aggravated battery, resisting a police officer, and aggravated assault could be supported by other evidence and are not necessarily undermined by plaintiffs' § 1983 claims. Accordingly, defendants' arguments are to no avail, and defendants' motion to dismiss plaintiffs' federal and state law claims for false arrest and false imprisonment is denied.

### B.     Plaintiffs' Claims For Malicious Prosecution.

Defendants have moved to dismiss plaintiffs' federal and state law claims for malicious prosecution. As noted by defendants, plaintiffs may not maintain a federal action under 1983 for malicious prosecution. *Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir.

2003) (*citing Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir.2001)). To state a claim for malicious prosecution under Illinois law, plaintiffs are required to allege facts showing: (1) commencement or continuation of a judicial proceeding by the defendants, (2) termination of the prosecution in Perry Foulks' favor in a manner indicative of his innocence, (3) the absence of probable cause for the proceeding, (4) the presence of malice, and (5) resulting damages. *Allen v. Berger,* 784 N.E.2d 367, 369 (Ill.App.1st Dist. 2002) (*citations omitted*). Plaintiffs concede that they cannot establish these elements with respect to the charges other than the obstruction of justice. With regard to the obstruction of justice charge, however, plaintiffs allege that defendants made knowingly false police reports that were supplied to the Pulaski County State's Attorney who initiated the charge against Perry Foulks. "When a person makes a knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person." *Allen,* 784 N.E.2d at 369 (*citations omitted*). Accordingly, defendants' motion to dismiss plaintiffs' claims for malicious prosecution is granted in part and denied in part. Plaintiffs' claims for malicious prosecution are dismissed except for plaintiffs' state-law claim for malicious prosecution with regard to the obstruction of justice charge.

### C. Plaintiffs' Requests for Punitive Damages and Attorney's Fees.

Defendants Emery, Rodgers and Village of Pulaski have moved to strike plaintiffs' requests for punitive damages and attorney's fees. Plaintiffs concede that their punitive damage requests should be stricken, (Doc. 54, p.8). Accordingly, defendants' motion to strike plaintiffs' request for punitive damages is granted. With regard to attorney's fees,

plaintiffs' request for attorney's fees related to the federal claims is allowed. *See 42 U.S.C. § 1988*. Plaintiffs' attorney fee request related to the state law claims is disallowed. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 739 N.E.2d 1263, 1271 (Ill. 2000) (*citations omitted*) ("Illinois generally follows the 'American Rule': absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney fees and costs, and may not recover those fees and costs from an adversary). Accordingly, defendants' motion to strike plaintiffs' request for punitive damages and attorney's fees is granted in part and denied in part. Plaintiffs' request for punitive damages is stricken. Plaintiffs' request for attorney's fees with regard to the state-law claims is stricken.

### D. Plaintiffs' Official Capacity Suits against Individual Defendants.

Defendants have moved to dismiss plaintiffs' claims against the individual defendants in their official capacities. Defendants are correct. Here, plaintiffs have named the Village of Pulaski as a defendant. When a plaintiff names a local government as a defendant in a § 1983 action, claims against government officials in their official capacities are redundant. *See Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir.1987) ("[T]he complaint names the mayor as a defendant in his official capacity ... which is the equivalent of suing the city."). Accordingly, defendants' motion to dismiss plaintiffs' official capacity claims against the individual defendants is granted. Plaintiffs' official capacity claims under § 1983 against Cecil Todd Emery, Mickey Rodgers, Randy Kern and John Doe are dismissed.

### III.     Plaintiffs' Motion to Strike and Dismiss.

Plaintiffs have filed a motion to strike and dismiss the affirmative defenses of Master Sergeant Jon Wright, Sergeant Daryl Grammar, and Trooper Tammy Turner. Specifically, plaintiffs move to strike defendants' affirmative defenses of qualified immunity, sovereign immunity, public official immunity, estoppel, and defendants' affirmative defense that plaintiffs' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Fed.R.Civ.Proc. 12(f)*. As a general rule, motions to strike are "disfavored" and are infrequently granted. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989). The decision to grant or deny a motion to strike is vested in the trial court's sound discretion. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir.1992).

"Motions to strike are not generally favored or granted unless the plaintiff can prove that the defense is insufficient and could not, after the development of a fuller record, succeed in defeating the plaintiff's claim." *Ring v. Board of Educ. Community School Dist. No. 60*, 2004 WL 1687009 at *2 (N.D.Ill.2004) (*citing Lirtzman v. Spiegel, Inc.*, 493 F.Supp. 1029, 1031 (N.D.Ill.1980)). In fact, before a motion to strike can be granted, the court must be convinced that "no questions of fact exist, and any questions of law are clear and undisputed." Upon review of the pleadings and the facts alleged in this case, the Court finds that additional factual development is necessary to determine


the validity of defendants' affirmative defenses. Accordingly, plaintiffs' motion to strike defendants' affirmative defenses is denied.

IV.     **Summary.**

The motion to strike and dismiss claims and prayers for damages from plaintiffs' amended complaint filed by Cecil Todd Emery, Mickey Rodgers, and the Village of Pulaski, (Doc. 47), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims for malicious prosecution are **DISMISSED WITH PREJUDICE** except for plaintiffs' state-law claim for malicious prosecution with regard to the obstruction of justice charge. Plaintiffs' request for punitive damages is **STRICKEN**. Plaintiffs' request for attorney's fees with regard to the state-law claims is **STRICKEN**. Plaintiffs' official capacity claims against Cecil Todd Emery, Mickey Rodgers, Randy Kern, and John Doe are **DISMISSED**. Plaintiffs' motion to strike and dismiss affirmative defenses, (Doc. 49), is **DENIED**.

       **IT IS SO ORDERED.**
       **DATED: November 4, 2005.**     *s/ James L. Foreman*
                                      **DISTRICT JUDGE**